Dear Ms. Vicknair:
Reference is made to your request for an opinion of this office regarding the expenditure of the proceeds of a ¼ cent sales and use tax (the "Tax") collected by the parish of St. John the Baptist Parish for fire protection. You have kindly provided the undersigned with a copy of the proposition approved by the electors with regard to the Tax, which you advise was adopted in October of 1984. As set forth in that proposition, the Tax is levied and collected for use as follows:
 "the proceeds of the Tax (after paying reasonable and necessary costs and expenses of collecting and administering the Tax) to be used for providing fire protection throughout the Parish through the acquisition of fire fighting equipment, lands, buildings and machinery, as may be necessary, and to pay the operation and maintenance cost of firefighting personnel, including salaries, with said funds to be dedicated for expenditure by the Parish Governing Authority in each of the seven Councilmantic Districts of the Parish in proportion that the population of each Councilmantic District bears to the population of the entire Parish pursuant to an agreement with the [various volunteer fire departments] funds allocated to each area served by the designated fire departments shall be kept in a special account for expenditure only in that area of service" (Emphasis added).
Specifically, you seek an opinion of this office regarding the expenditure of the revenues generated by the Tax (presumably by or on behalf of, and from the funds segregated for each individual volunteer fire department, in accordance with the proposition) for a variety of explicit purposes, as follows:
 1. Meals at Volunteer Fire Department meetings, workshops or training programs.
2. Food and awards for a Firemen's banquet.
3. Flowers for a hospitalized fireman.
 4. Expenses associated with conferences/conventions held at a location 50 miles/one hour from home, and in out of state locations.
Before addressing each of the above listed purposes, we note for your attention that the laws of the State of Louisiana provide that the use of the proceeds of a sales and use tax adopted at an election in the State of Louisiana is dictated solely by the proposition approved by the voters. R.S. 33:2723; R.S. 33:2714; R.S. 39:704. In accord: Attorney General's Opinion Nos. 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
We also note for your attention the provisions of La. Const. (1974)Art. VII, Sec. 14, which contains the constitutional standard for the lawful use of public funds and property. La. Const. Art. VII, Sec.14(A) generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private.
This office has long recognized the caution which must be exercised in the expenditure of public funds. Historically, the Attorney General has followed the Louisiana Supreme Court's interpretation of La. Const. Art.VII, Sec. 14, as set forth in City of Port Allen v. Louisiana Mun. Risk,439 So.2d 399 (La. 1983), wherein the Court states: "this Section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so."
The previous opinions of this office recognize that the requirement of a legal obligation to expend public funds or use public property is the threshold, but not the only predicate for the constitutionality of the expenditure or use. The expenditure must also be for a public purpose and create a public benefit proportionate to its cost. Attorney General's Opinion No. 90-63. See also: 02-0125; 01-0389.
1. Meals at Volunteer Fire Department meetings, workshops or trainingprograms.
Applying the analysis of Attorney General's Opinion No. 90-63, the first issue to be addressed is whether the volunteer fire departments have a legal obligation to conduct meetings, workshops and training programs. Clearly, in order for any fire department, and indeed many organizations, to properly conduct business and communicate with and train personnel, necessary and proper meetings, workshops and training programs are appropriate. Such meetings, workshops and training sessions also clearly serve the public purpose and create a public benefit of promoting proper and efficient fire protection by the various volunteer fire departments.
The only remaining issue to be examined is whether the provision of meals at such meetings, workshops and training sessions, as well as the cost thereof, is proportionate to the public benefit the particular meeting, workshop or training session serves.
In Attorney General's Opinion No. 02-0125, with regard to the expenditures at business lunches or dinners hosted by a Port Commission for its clients and customers, this office stated:
 "The primary concern is the reasonableness of the expenditure under the circumstances.
 Under the strictest interpretation of La. Const. Art. VII, Sec. 14 (1974), providing even `coffee, soft drinks and donuts' is a prohibited gratuitous alienation of public funds. Thus, this office has developed the three-pronged reasonableness test examining the legal obligation of the public officials combined with the public purpose and public benefit of the event."
In other words, it is the reasonableness of the expenditure under the circumstances, which controls. Thus, serving coffee or soft drinks, and perhaps a moderately priced lunch or snacks, to firemen attending an all day workshop would appear reasonable. Serving reasonable meals to volunteer firemen attending lunch time meetings scheduled to accommodate them at a time when they are not otherwise required to be in attendance at their places of regular employment would also seem reasonable. Serving meals at brief meetings, particularly meetings that could be scheduled at times other than meal times would appear to be unreasonable.
2. Food and awards for a Firemen's banquet
As previously noted, in City of Port Allen v. Louisiana Mun. Risk,439 So.2d 399 (La. 1983), the Court stated that La. Const. Art 14 is violated whenever "a political subdivision seeks to give up something of value when it is under no legal obligation to do so." This office is unaware of any legal obligation or authority that has been placed upon political subdivisions such as fire districts which would require the fire district to utilize public funds to defray the costs associated with a firemen's banquet.
The Office of the Attorney General has historically opined that the payment or reimbursement for food, drink, or the expenses associated with parties and other types of celebratory functions, from public funds, is improper under La. Const. Art. VII, Sec. 14. Pertinently, Attorney General's Opinion No. 94-115 determined that the Parish of St. Charles could not fund a Civil Service Awards luncheon. Also pertinent are Opinion Nos. 91-589-A and 76-1680, both of which determined that public funds can not be utilized to defray the cost of Christmas parties for public employees. We also direct your attention to Opinion No. 76-1680, which provides that public funds cannot be utilized for payment of expenses associated with a banquet to honor public retirees. Accordingly, we are constrained to advise that public funds cannot be utilized to purchase food for, or defray the cost of, a firemen's banquet.
In spite of our opinion with regard to the costs associated with a banquet, this office has opined that awards in the nature of certificates, pins, plaques, trophies and the like, of moderate cost, are acceptable expenditures of public funds for recognition of public employees. Attorney General's Opinion Nos. 95-210; 92-737; 85-700; 76-1766. Thus, it is our opinion that such moderately priced awards for recognition of long term service, or outstanding service to a fire department, would be permissible.
3. Flowers for a hospitalized fireman.
This office is unaware of any legal obligation or authority that has been placed upon political subdivisions such as fire districts which would authorize the utilization of public funds to purchase or defray the cost of flowers for a hospitalized fireman. City of Port Allen v.Louisiana Mun. Risk, 439 So.2d 399 (La. 1983).
We note for your attention pertinent previous opinions of this office, which determined that public funds cannot be utilized to purchase flowers and gifts for public employees or volunteers, but which also determined that privately funded `flower and gift funds' can be established. Attorney General's Opinion No. 92-314, addressed to the Houma-Terrebonne Tourist Commission, provides that the public funds of the Commission can not be utilized to purchase Christmas plants or memorial flowers for volunteers. Attorney General's Opinion No. 99-268 determined that a Sheriff could establish a flower and gift fund composed of strictly voluntarily contributed private funds from employees, as long as the funds were not commingled with any public funds. Most pertinently, Opinion No. 91-421 determined that the Bienville Fire Protection District, Wards 4 5, could establish a flower and gift fund for the purchase of flowers and gifts for deaths, birthdays and the like, as long as no public funds were placed in the fund or commingled with the fund, and as long as each donor was made aware that the purpose of the fund was flowers and gifts, as opposed to fire protection.
In our opinion, public funds cannot be used to purchase flowers for a hospitalized fireman. It is also our opinion, however, that flowers could be purchased for a hospitalized fireman a properly established flower and gift fund, as long as no public funds were placed in the fund or commingled with the fund, and as long as each donor was made aware that the purpose of the fund was flowers and gifts, as opposed to fire protection.
4. Expenses associated with conferences/conventions held at a location50 miles/one hour from home, and in out of state locations.
As with the previous items addressed at your request, the expenditure of public funds for expenses associated with conferences and conventions must be examined with regard to the "legal obligation or authority" requirement imposed by La. Const. Art. VII, Sec. 14. City of Port Allenv. Louisiana Mun. Risk, 439 So.2d 399 (La. 1983). As previously noted, the expenditure must also be for a public purpose and create a public benefit proportionate to its cost. Attorney General's Opinion No. 90-63. See also: 02-0125; 01-0389.
Attorney General's Opinion No. 90-63, cited previously herein, addressed the propriety of the use of public funds for professional development and maintenance of skills by public officers and employees. Pertinently, that opinion concludes:
 "A public official's legal obligation to provide continuing professional education and training for himself and his staff, using public funds, is a function of the nature of the duties and obligations of his office which he and his staff are required to perform Implicit in the constitution and laws granting a public official or employee duties to perform, and powers to fulfill those duties, is a strong public policy that public funds may legimately be used to assist such a public official to acquire, cultivate, or improve the professional skills and scope of knowledge necessary for him or her to exercise those powers and duties wisely, competently, efficiently, and above all, for the public good."
We continue to adhere to the conclusion that public funds may be utilized to educate, enlighten and train public officials and personnel with regard to their public duties and responsibilities. Appropriate education and training provided by a fire department clearly serves a public purpose and creates a public benefit of promoting proper and efficient fire protection by the department and its personnel.
It is the further opinion of this office that if travel is required in order that officials and personnel can attend conferences or conventions that enhance training and/or the ability to provide public service, public funds may also be utilized to pay or defray the reasonable expenses of the travel required for attendance at the conference or convention. The issue which must be addressed, however, is whether the expenditure for travel associated with such conferences and conventions, as well as the cost thereof, is proportionate to the public benefit the particular conference or convention session serves.
In other words, as with the provision of food or meals at firemen's meetings, it is the reasonableness of the expenditure under the circumstances, which controls. Thus, providing for a fireman's reasonable and necessary lodging and expenses at conventions and conferences, either within or without of the state, when attendance at the conference or convention will enhance his ability and/or his department's ability to serve the public would appear reasonable. Providing exclusive or luxurious accommodations for attendance at a conference, when safe, reasonably priced accommodations could instead be provided, would be unreasonable. Providing any lodging at all, when attendance at a conference or convention could reasonably be accomplished by travel back and forth to one's home, at reasonable hours of the day and evening, would appear to be unreasonable.
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Released: July 11, 2003